David Simantob, Esq., SBN 155790
   David.Simantob@wilsonelser.com
Linda T. Hoshide, Esq., SBN 190403
   Linda.Hoshide@wilsonelser.com
Shannon L. Santos, Esq., SBN 260112
   Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff Great American Alliance Insurance Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SOIGNEE BOTANICALS INC.,<br><br>Defendant. | CASE NO.  8:19-cv-1029<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Great American Alliance Insurance Company ("Great American") hereby makes its Complaint for Declaratory Relief against Defendant Soignee Botanicals Inc. ("Soignee") and alleges as follows:

## INTRODUCTION

1. Great American brings this action for declarations that it has no duty to defend or indemnify Soignee pursuant to Commercial General Liability Policy No. PL 1744248 D2844, issued by Great American to All Members of the Beauty Health & Trade Alliance Risk Purchasing Group ("Alliance"), effective from 9/1/17

to 9/1/19 ("Policy"), for the action entitled *Manna v. Soignee Botanicals, LLC, Soignee Botanicals, Inc., Jeunesse, LLC*, Court of Common Pleas, Philadelphia County, State of Pennsylvania, Case No. 190202359 ("Underlying Action").

## THE PARTIES

2.   Great American is now and was at all relevant times a corporation formed under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio.  At all times mentioned in this Complaint, Great American has been authorized to do business in the State of California.

3.   Soignee is a company incorporated in California with its principal place of business in Anaheim, California.

## JURISDICTION AND VENUE

4.   This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57 to resolve an actual controversy between the parties as set forth herein.  This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332, because there is complete diversity of citizenship between Great American and Soignee and there is more than $75,000 in controversy.

5.   Venue is proper pursuant to 28 U.S.C. § 1391(a).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because this is a civil action in which subject matter jurisdiction is founded only on diversity of citizenship and the action is brought in a judicial district where Soignee was doing business in California at all relevant times.

## THE POLICY

6.   Soignee is a Certificate Holder on the Policy, effective from 10/16/17 to 10/16/18.

7.   The Policy contains Commercial General Liability Coverage Form (Form CG 00 01 (Ed. 04 13)), which provides in pertinent part as follows:

/ / /

**SECTION I – COVERAGES**

**Coverage A – Bodily Injury and Property Damage Liability**

1. **Insuring Agreement**

   a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

   * * *

   b. This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; . . . .

   * * *

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the Insured. . . .

   * * *

   o. **Personal and Advertising Injury**

      "Bodily injury" arising out of "personal and advertising injury."

   * * *

**Coverage B – Personal and Advertising Injury Liability**

1. **Insuring Agreement**

    a.  We will pay those sums that the Insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

    * * *

2. **Exclusions**

    This insurance does not apply to:

    a.  **Knowing Violation of Rights of Another**

        "Personal and advertising injury" caused by or at the direction of the Insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

    b.  **Material Published with Knowledge of Falsity**

        "Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the Insured with knowledge of its falsity.

    * * *

**SECTION V – DEFINITIONS**

* * *

3.  **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    * * *

14. **"Personal and advertising injury"** means injury, including consequential "bodily injury," arising out of one or more of the

following offenses:

    **a.**    false arrest, detention or imprisonment;

    **b.**    malicious prosecution;

    **c.**    the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    the use of another's advertising idea in your "advertisement"; or

    **g.**    infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

**20.**    **"Property damage"** means:

    **a.**    physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

8.    The Policy contains the "Additional Insured – Designated Person or Organization" Endorsement [Form CG 20 26 (Ed. 04 13)], which provides:

**Name of Additional Insured Person(s) or Organization(s):**

Per individual Certificate of Coverage.

* * *

A. **SECTION II – WHO IS AN INSURED** is amended to include as an Additional Insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

1. in the performance of your ongoing operations; or

2. in connection with your premises owned by or rented to you.

However:

1. the insurance afforded to such additional insured only applies to the extent permitted by law; and

2. if coverage provided to the Additional Insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

9. The Policy contains the "Exclusion Of Claims And Suits Alleging Infringement Of Intellectual Property Or Unfair Competition" Endorsement [Form CG 90 29 (Ed. 05/16)] ("Endorsement"), which excludes coverage for claims alleging "personal and advertising injury," replacing the intellectual property exclusion in the Coverage Form to read as follows ("Coverage B – IP Exclusion"):

A. **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, Coverage B – Personal and Advertising Injury Liability, 2. Exclusions, i. Infringement of Copyright, Patent, Trademark or Trade Secret,** is deleted and replaced by the following:

i. **Claim or Suit Alleging Infringement of Intellectual Property**

(1) Any claim or "suit" that alleges "personal and advertising injury" arising out of any actual, alleged, or threatened misappropriation, infringement, or

violation of any intellectual property or intellectual property right or law of any description, including but not limited to any of the following:

 **(a)** copyright;

 **(b)** patent;

 **(c)** trademark;

 **(d)** trade name;

 **(e)** trade secret;

 **(f)** trade dress;

 **(g)** service mark;

 **(h)** slogan;

 **(i)** service name;

 **(j)** description of origin, source, authorship, authenticity, or quality;

 **(k)** other right to or law recognizing an interest in any expression, idea, likeness, name, style of doing business, symbol, or title; or

 **(l)** Any other intellectual property right or law.

This exclusion applies to our duty to defend and our duty to pay damages whether such misappropriation, infringement, or violation is committed in your "advertisement" or otherwise.

10. The Endorsement also excludes coverage for claims alleging "personal and advertising injury" arising out of alleged violations of intellectual property rights or unfair competition as well as all other claims brought in the same action ("Coverage B – IP/Unfair Competition Exclusion") as follows:

 **B.** The following exclusion is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I - COVERAGES, Coverage B – Personal and Advertising**

**Injury Liability, 2. Exclusions:**

**Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws**

**1.** Any claim or "suit" that alleges "personal and advertising injury" arising out of any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.

**2.** Any "personal and advertising injury" alleged in a claim or "suit" that also alleges any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.

This exclusion applies to our duty to defend and our duty to pay damages whether such misappropriation, infringement, or violation is committed in your "advertisement" or otherwise.

11.  The Endorsement further excludes coverage for claims alleging "property damage" or "bodily injury" in a suit which also alleges violations of intellectual property rights or unfair competition ("Coverage A – IP/Unfair Competition Exclusion") as follows:

**C.** The following exclusion is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I - COVERAGES, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions:**

**Claim or Suit Alleging Infringement of Intellectual Property or Violation of Laws Concerning Unfair Competition or Similar Laws**

Any "bodily injury" or "property damage" alleged in any claim or "suit" that also alleges any:

**1.** misappropriation, infringement or violation of any intellectual property or intellectual property right or law

described in paragraph (1) of **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I – COVERAGES, Coverage B – Personal and Advertising Injury, 2. Exclusions, i. Claim or Suit Alleging Infringement of Intellectual Property;** or

2. violation of any statute, common law, or other laws or regulations described in **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I – COVERAGES, Coverage B – Personal and Advertising Injury, 2. Exclusions, Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws**.

## THE CLAIM

12. On February 23, 2019, the Underlying Action was filed, naming Soignee as a defendant. A true and correct copy of the Complaint in the Underlying Action ("Complaint") is attached as Exhibit "A" hereto.

13. The Complaint alleges that Suhad Manna ("Manna") served as a salesperson and distributor for Jeunesse, LLC through which she earned a commission for advertising and giving product referrals by posting videos of herself on the internet using and promoting the products. (Exh. "A" ¶¶ 5-6.) Manna alleges that, on or about February 24, 2018, Soignee or other defendants in the Underlying Action obtained a video of Manna using the products and imprinted their name and/or logo on the video to publish without Manna's knowledge or consent. (Exh. "A" ¶ 7.) Manna contends the defendants' video "is false and defamatory" by implying she endorses a product she did not. (Exh. "A" ¶ 11.) She alleges that the video placed her in a false light, in a manner, which would be highly offensive to a reasonable person. (Exh. "A" ¶ 19.) Manna further alleges that the defendants "intentionally engaged in unfair methods of competition with [Manna] by misappropriating and using [Manna's] name, image and/or likeness for their own purposes and interfering with [Manna's] prospective and existing business relations." (Exh. "A" ¶ 47.) Manna contends the defendants acted with actual

malice in publishing the video or allowed the same "with reckless or negligent disregard as to the truth or falsity of said video." (Exh. "A" ¶¶ 25, 34.) The Complaint contends the video has caused her economic harm, including reduction in her business and damage to her professional and personal reputation. (Exh. "A" ¶¶ 14, 19.) The Complaint further alleges Manna has suffered from embarrassment, personal humiliation, and general emotional distress. (Exh. "A" ¶ 20.)

14. Manna brought causes of action against Soignee for (1) defamation; (2) false light invasion of privacy; (3) unauthorized use of image, name, and/or likeness; (4) unfair competition; (5) intentional interference with prospective economic advantages; and (6) unfair trade practices and consumer protection law. The Complaint seeks injunctive relief, compensatory damages, attorneys' fees, and punitive damages. (Exh. "A" Prayer for Relief.)

15. On March 21, 2019, Soignee tendered the Underlying Action to Great American for defense.

16. On April 1, 2019, Great American denied Soignee's claim for defense and indemnity in the Underlying Action pursuant to the terms and conditions set forth in the Policy.

## FIRST CAUSE OF ACTION

### (For Declaratory Relief Re: No Duty to Defend)

17. Great American hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

18. There exists a genuine and bona fide dispute and an actual controversy and disagreement between Great American and Soignee regarding whether Great American has a duty to defend Soignee in connection with the Underlying Action.

19. Upon information and belief, Soignee contends that Great American has a duty to defend Soignee in connection with the Underlying Action under the Policy.

/ / /

20. Great American contends it has no duty to defend Soignee in the Underlying Action under the Policy.

21. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policy, Great American has no duty to defend Soignee in the Underlying Action under the Policy or applicable law, in whole or in part, for the following reasons:

   a. To the extent the Underlying Action alleges "personal and advertising injury," the Coverage B – IP Exclusion excludes coverage as the claim arises out of alleged violations of intellectual property rights;

   b. To the extent the Underlying Action alleges "personal and advertising injury," the Coverage B – IP/Unfair Competition Exclusion excludes coverage for any claim arising out of allegations of unfair competition;

   c. To the extent the Underlying Action alleges "personal and advertising injury," the Coverage B – IP/Unfair Competition Exclusion excludes coverage for any claim brought in the same lawsuit as a claim arising out of alleged violations of intellectual property rights or unfair competition;

   d. To the extent the Underlying Action alleges "personal and advertising injury," the "Knowing Violation of Rights of Another" exclusion excludes coverage for damages "caused by or at the direction of the Insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'";

   e. To the extent the Underlying Action alleges "personal and advertising injury," the "Material Published with Knowledge of Falsity" exclusion excludes coverage for damages "arising out

|   |   |   |
|---|---|---|
|   |   | of oral or written publication, in any manner, of material, if done by or at the direction of the Insured with knowledge of its falsity"; |
|   | f. | As the Underlying Action does not allege "property damage" or "bodily injury" caused by an "occurrence," the Policy's Coverage A – Bodily Injury and Property Damage Liability Insuring Agreement is not satisfied; |
|   | g. | To the extent the Underlying Action alleges "property damage" or "bodily injury," the Coverage A – IP/Unfair Competition Exclusion excludes coverage for any claim brought in the same lawsuit as a claim arising out of alleged violations of intellectual property rights or unfair competition; |
|   | h. | To the extent the Underlying Action alleges "property damage" or "bodily injury," the "Expected or Intended Injury" exclusion excludes coverage for damages "expected or intended from the standpoint of the Insured"; |
|   | i. | To the extent the Underlying Action alleges "bodily injury," the "Personal and Advertising Injury" exclusion excludes coverage for damages arising out of "personal and advertising injury"; and |
|   | j. | The Underlying Action, in part, does not seek recovery of "damages" from an insured under the Policy. |

22. Great American also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude its duty to defend Soignee under the Policy for the Underlying Action.

23. Great American seeks a declaration from this Court that Great American has no duty to defend Soignee in the Underlying Action under the Policy.

## SECOND CAUSE OF ACTION

**(For Declaratory Relief Re: No Duty to Indemnify)**

24. Great American hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

25. There exists a genuine and bona fide dispute and an actual controversy and disagreement between Great American and Soignee regarding whether Great American has a duty to indemnify Soignee in connection with the Underlying Action.

26. Upon information and belief, Soignee contends that Great American has a duty to indemnify Soignee under the Policy should Soignee be found liable in the Underlying Action.

27. Great American contends it has no duty to indemnify Soignee should Soignee be found liable in the Underlying Action.

28. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policy, Great American has no duty to indemnify Soignee in the Underlying Action under the Policy or applicable law, in whole or in part, for the following reasons:

    a. To the extent the Underlying Action alleges "personal and advertising injury," the Coverage B – IP Exclusion excludes coverage as the claim arises out of alleged violations of intellectual property rights;

    b. To the extent the Underlying Action alleges "personal and advertising injury," the Coverage B – IP/Unfair Competition Exclusion excludes coverage for any claim arising out of allegations of unfair competition;

    c. To the extent the Underlying Action alleges "personal and advertising injury," the Coverage B – IP/Unfair Competition Exclusion excludes coverage for any claim brought in the same

1 lawsuit as a claim arising out of alleged violations of intellectual property rights or unfair competition;

d. To the extent the Underlying Action alleges "personal and advertising injury," the "Knowing Violation of Rights of Another" exclusion excludes coverage for damages "caused by or at the direction of the Insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'";

e. To the extent the Underlying Action alleges "personal and advertising injury," the "Material Published with Knowledge of Falsity" exclusion excludes coverage for damages "arising out of oral or written publication, in any manner, of material, if done by or at the direction of the Insured with knowledge of its falsity";

f. As the Underlying Action does not allege "property damage" or "bodily injury" caused by an "occurrence," the Policy's Coverage A – Bodily Injury and Property Damage Liability Insuring Agreement is not satisfied;

g. To the extent the Underlying Action alleges "property damage" or "bodily injury," the Coverage A – IP/Unfair Competition Exclusion excludes coverage for any claim brought in the same lawsuit as a claim arising out of alleged violations of intellectual property rights or unfair competition;

h. To the extent the Underlying Action alleges "property damage" or "bodily injury," the "Expected or Intended Injury" exclusion excludes coverage for damages "expected or intended from the standpoint of the Insured";

/ / /

        i.      To the extent the Underlying Action alleges "bodily injury," the "Personal and Advertising Injury" exclusion excludes coverage for damages arising out of "personal and advertising injury"; and

        j.      The Underlying Action, in part, does not seek recovery of "damages" from an insured under the Policy.

29. Great American also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to indemnify Soignee under the Policy for the Underlying Action.

30. Great American seeks a declaration from this Court that Great American has no duty to indemnify Soignee in the Underlying Action pursuant to the Policy.

## PRAYER

WHEREFORE, Great American prays for judgment against Soignee as follows:

1. That the Court determine, decree, and adjudge that Great American is entitled to a declaration that it has no duty to defend Soignee in the Underlying Action under the Policy;

2. That the Court determine, decree, and adjudge that Great American is entitled to a declaration that it has no duty to indemnify Soignee in the Underlying Action under the Policy;

3. For attorneys' fees and costs;

4. For costs of suit incurred herein; and

/ / /

/ / /

/ / /

/ / /

5. For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

Dated: May 29, 2019

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*
David Simantob
Linda T. Hoshide
Shannon L. Santos
*Attorneys for Plaintiff Great American Alliance Insurance Company*